**SKOLOFF & WOLFE, P.C.**
293 Eisenhower Parkway
Livingston, New Jersey 07039
(973) 992-0900

**DEWEY PEGNO & KRAMARSKLY LLP**
777 Third Avenue, 37th Floor
New York, New York 10017
(212) 943-9000

*Attorneys for Defendant*
*Credit Suisse Securities (USA) LLC*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES, LLC a/s/o K.C. and G.T.,<br><br>Plaintiff(s),<br><br>v.<br><br>CREDIT SUISSE; ABC CORP. (1-10) (Said names being fictitious and unknown entities)<br><br>Defendant(s). | Case No. 2:13-cv-01547-CCC-JAD<br><br>ECF CASE<br><br>**DEFENDANT CREDIT SUISSE SECURITIES (USA) LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant Credit Suisse Securities (USA) LLC ("Defendant" or "Credit Suisse"), by and though its undersigned counsel, hereby answers the Complaint of plaintiff Patient Care Associates, LLC ("Plaintiff") and asserts the following Affirmative Defenses, as follows:

### THE PARTIES

1.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.  Defendant admits that Credit Suisse Securities (USA) LLC (improperly pled as only "Credit Suisse"), a Delaware limited liability company, is headquartered at 11 Madison

Avenue, New York, New York 10010, and otherwise denies the allegations set forth in paragraph 2 of the Complaint.

3. The allegation that venue was properly laid in Bergen County pursuant to R. 4:3-2 prior to the removal of this action to the United States District Court for the District of New Jersey is a legal conclusion to which no response is required. Defendant denies the remaining allegations set forth in paragraph 3 of the Complaint.

4. Defendant admits that it maintains a self-funded health insurance plan for its participating employees and dependents.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff received a written assignment of benefits from "K.C." and "G.T." The remainder of the allegations contained in paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 7 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

8. Defendant admits that it maintains a self-funded health insurance plan for its participating employees and dependents, and states that that the terms and conditions of the applicable Credit Suisse plan are as set forth in the documents and instruments governing the plan and refers to such documents and instruments for their contents. Defendant denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 concerning Plaintiff's submission of a bill for services. Credit Suisse also denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 concerning amounts allowed or paid, but denies that it approved any amounts. Defendant states that the Explanation of Benefits document speaks for itself, but denies that it was issued by Credit Suisse. The remainder of the allegations contained in paragraph 12 of the Complaint are legal conclusions to which no response is required.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 concerning Plaintiff's submission of a bill for services. Credit Suisse also denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 related to amounts allowed or paid, but denies that it approved any amounts. Defendant states that the Explanation of Benefits document speaks for itself, but denies that it was issued by Credit Suisse. The remainder of the allegations contained in paragraph 13 of the Complaint are legal conclusions to which no response is required.

14. Defendant admits that Plaintiff has demanded payment in paragraph 14 of the Complaint, but denies that it is liable for that amount or any amount.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 concerning Plaintiff's submission of appeals for

reconsideration.  Defendant denies the remaining allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. The allegations contained in paragraph 17 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 17 of the Complaint.

## FIRST COUNT
### (Violation of ERISA)

18. Defendant repeats and realleges its responses to paragraphs 1 through 14 of the Complaint as if set forth at length herein.

19. The allegations contained in paragraph 19 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant admits that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.  Defendant denies the remaining allegations set forth in paragraph 20 of the Complaint.

21. The allegations contained in paragraph 21 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. The allegations contained in paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 concerning Plaintiffs' assignment of benefits. The remainder of the allegations contained in paragraph 24 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 concerning Plaintiff seeking payments under "K.C."'s and "G.T."'s plan. Defendant denies the remaining allegations set forth in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 31 of the Complaint.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

32. Defendant repeats and realleges its responses to paragraphs 1 through 31 of the Complaint as if set forth at length herein.

33. The allegations contained in paragraph 33 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. The allegations contained in paragraph 37 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. The allegations contained in paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 38 of the Complaint.

### THIRD COUNT
### (Negligent Misrepresentation)

39. Defendant repeats and realleges its responses to paragraphs 1 through 38 of the Complaint as if set forth at length herein.

40. The allegations contained in paragraph 40 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41. The allegations contained in paragraph 41 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 43 of the Complaint.

## FOURTH COUNT

44. Defendant repeats and realleges its responses to paragraphs 1 through 43 of the Complaint as if set forth at length herein.

45. The allegations contained in paragraph 45 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 45 of the Complaint.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety and with prejudice, and that Defendant be awarded its attorneys' fees and costs and any further relief deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's alleged claims for relief, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by ERISA, 29 U.S.C. § 1001, *et seq*.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted by ERISA. 29 U.S.C. § 1001, *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the express terms, conditions and exclusions of the applicable Credit Suisse health benefit plan.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust mandatory administrative remedies under the applicable Credit Suisse health benefit plan.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff seeks benefits that are not eligible for coverage under the applicable Credit Suisse health benefit plan.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant has acted in accordance with the documents and instruments governing the applicable Credit Suisse health benefit plan.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

The alleged assignment of benefits is invalid or unenforceable as against Defendant or the applicable Credit Suisse health benefit plan.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of payment and accord and satisfaction.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in good faith at all times.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of the actions, inactions or omissions of a third party over which Defendant had no control.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to amend, modify or supplement these affirmative defenses.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety and with prejudice, and that Defendant be awarded its attorneys' fees and costs and any further relief deemed appropriate by the Court.

Dated: April 17, 2013

                                         SKOLOFF & WOLFE, P.C.

                                         By:   s/ Jonathan Wolfe

Jonathan Wolfe
Jane J. Felton
293 Eisenhower Parkway
Livingston, New Jersey 07039
(973) 992-0900 (Telephone)
(973) 992-0301 (Facsimile)

OF COUNSEL:

Ariel P. Cannon
David C. Marden
DEWEY PEGNO & KRAMARSKY LLP
777 Third Avenue – 37th Floor
New York, New York 10017
(212) 943-9000 (Telephone)
(212) 943-4325 (Facsimile)

*Attorneys for Defendant Credit Suisse Securities (USA) LLC*